IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RONALD WHITE,** | * |
| Plaintiff, | * |
| v. | * Civil No. SAG-24-00942 |
| **SOCIAL SECURITY ADMINISTRATION,** | * |
| Defendants. | * |

**MEMORANDUM OPINION**

Plaintiff Ronald White, who is self-represented, filed this lawsuit in this Court against the Social Security Administration ("SSA"). ECF 1. SSA filed a motion to dismiss Plaintiff's complaint or, in the alternative, for summary judgment. ECF 11. Plaintiff opposed the motion, ECF 13, and no reply was filed. This Court has reviewed the briefing and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, Defendants' motion to dismiss will be GRANTED as to all claims except for Plaintiff's request for records pertaining to the issuance of Social Security cards with a particular number ending in 4283. As to that limited remaining issue, the parties will be ordered to participate in a settlement conference with a United States Magistrate Judge before further proceedings in this case.

**I. FACTUAL BACKGROUND**

The following facts are largely derived from Plaintiff's Complaint, which is not a model of clarity. ECF 1. Plaintiff alleges that in 1971, as a teenager, he received a Social Security card bearing his name, Ronald White, with a Social Security number ending in 4283. *Id.* at 6 ¶ 1. Plaintiff alleges that the Social Security Administration assigned the same number to a "fictitious

individual." [1] *Id.* Plaintiff alleges that SSA "told the military way back in the 1970's that Plaintiff's name was Ronald Mitchell, not Ronald White, and the military accepted this." *Id.* ¶ 2. Plaintiff engaged in numerous, largely unsuccessful efforts to correct his identity with the Social Security Administration. *Id.* ¶ 3. He also made a Freedom of Information Act (FOIA) or Privacy Act request and received no responses. *Id.* ¶ 4; *see also* ECF 11-3 (letter denying Privacy Act request in 2024 but explaining proper procedure). Plaintiff "was forced to marry under a fraudulent name, Ronald Mitchell, because he couldn't get his social security card for his true identity and now his wife died and is in eternity under a fraudulent name." *Id.* ¶ 5. Plaintiff alleges that SSA "forced Plaintiff to live under a false identity for more than 50 years, depriving him of multiple benefits (military) (father's) and to undergo psychiatric treatment." ECF 1 at 4. The relief Plaintiff requests includes information about issuance of Social Security cards for the number ending in 4283, and $50,000,000 for fifty years of mental and emotional pain and suffering. ECF 1 at 4–5.

II. **LEGAL STANDARDS**

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to

---

[1] Attachment A to Plaintiff's Complaint contains what appear to be original Social Security cards, bearing the number ending in 4283, in the names of both Ronald White and Ronald Mitchell. Plaintiff appears to be in possession of both sets of cards.

provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

SSA also contends that this Court lacks subject matter jurisdiction over the Privacy Act claim, citing Fed. R. Civ. P. 12(b)(1). *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under that rule, the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, the court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are

involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.   ANALYSIS

This Court begins with the causes of action expressly identified in Plaintiff's Complaint. Federal question jurisdiction exists where at least one of a plaintiff's claims is brought pursuant to the "Constitution, laws, or treaties of the United States[.]" 28 U.S.C. § 1331. Plaintiff lists three federal criminal statutes as the basis for his action: 18 U.S.C. § 1028; 18 U.S.C. § 1001, and 18 U.S.C. § 1341. Those criminal statutes do not provide private rights of action for citizens to bring civil claims. *See, e.g., Robertson v. Foster,* Civ. No. ELH-16-3610, 2017 WL 1104664, at *6 (D. Md. Mar. 23, 2017) (unpublished) ("It is well established that there is no private right of action to pursue claims under federal criminal statutes."); *Doe v. Broderick,* 225 F.3d 440, 447–48 (4th Cir. 2000) ("The Supreme Court historically has been loath to infer a private right of action from a 'bare criminal statute.'") (quoting *Cort v. Ash,* 442 U.S. 66, 80 (1975)); *Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 (4th Cir. 1987) (rejecting private right of action for 18 U.S.C. § 1001); *Hilgeford v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 3:08-cv-669, 2009 WL 302161, at *4 (E.D. Va. Feb. 6, 2009) (rejecting private right of action for 18 U.S.C. § 1341); *Rahmani v. Resorts Int'l Hotel, Inc.*, 20 F.Supp.2d 932, 937 (E.D. Va.1998), *aff'd* 182 F.3d 909 (4th Cir.1999)

4

(dismissing a civil plaintiff's § 1028 claim because § 1028 "do[es] not provide for any private cause of action").

Plaintiff also identifies "Sec. 100.3 of Code of Federal Regulations." This Court is unable to ascertain which volume of the Code of Federal Regulations Plaintiff intends to invoke, due to an incomplete citation and to a lack of specific facts explaining the nature of the alleged violation. Accordingly, Plaintiff has not stated a viable claim under any of the federal statutes or regulations he cites in his Complaint.

The SSA correctly notes that Plaintiff appears to request access to records under the Privacy Act, as he specifically asks to obtain records relating to the Social Security number assigned to him. *See, e.g.*, 20 C.F.R. § 402.15(b) ("If you are an individual and request records, then to the extent you are requesting your own records in a system of records, we will handle your request under the Privacy Act."). The SSA in fact denied one of Plaintiff's requests for information because his request did not comport with the requirements of the Privacy Act and the implementing regulations. ECF 11-3. SSA records show that Plaintiff did not appeal that denial of his request to the SSA's review board. ECF 11-2. Such an appeal is required in order to exhaust administrative remedies. However, this Court is unpersuaded that exhaustion is a jurisdictional requirement in the context of a Privacy Act request to access (rather than amend) records. *See, e.g., Wadhwa v. Dep't of Veterans Affairs,* 342 F. App'x 860, 862–63 (3d Cir. 2009) ("There is no statutory requirement of exhaustion related to a request for access to records" under the Privacy Act, and so "[t]o the extent exhaustion of administrative remedies is required, it is not a jurisdictional prerequisite."); *Campeau v. Social Security Administration*, Civ. No. 13-5396, 2014 WL 12470018 (E.D. Pa. Jan. 23 2014) ("[I]n the [Privacy Act] access context, the SSA acknowledges that exhaustion is a jurisprudential, rather than a jurisdictional, requirement."). In light of that non-

binding but persuasive precedent and the absence of Fourth Circuit guidance to the contrary[2], this Court declines to dismiss the case for lack of jurisdiction.

No monetary damages are available under the Privacy Act without a showing of actual damages resulting from SSA's failure to provide access to the records at the time of the request. A plaintiff's "own conclusory allegations that he felt embarrassed, degraded, or devastated" will not suffice to establish actual damages under the Privacy Act. *See Doe v. Chao*, 306 F.3d 170, 174, 180 (4th Cir. 2002). And here, Plaintiff has not identified any specific damages relating to SSA's failure to provide the requested records to him in March of this year (as opposed to his more general contention that he suffered harm over many decades from the erroneous assignment of his Social Security Number to two names, the apparent insistence of the military that he use the name "Mitchell," and his resulting use of "Mitchell" as a surname).

However, this Court declines to dismiss the Privacy Act claim as it relates to Plaintiff's request for records pertaining to the Social Security Number ending in 4283. This Court will order this case to proceed to a settlement conference on that issue and will direct the appointment of counsel for Plaintiff for the limited purpose of representation at the settlement conference. Following the conclusion of that settlement conference, if no resolution is reached, this Court will set a schedule for this case to proceed.

### IV. CONCLUSION

For the reasons set forth above, SSA's Motion to Dismiss, ECF 11, is granted as to all claims except Plaintiff's request for records relating to the issuance of Social Security Cards with

---

[2] Almost thirty years ago, the Fourth Circuit stated in a footnote that a plaintiff's "Privacy Act claim was not properly before the district court because [the plaintiff] did not first exhaust administrative remedies provided under the Privacy Act." *Pollack v. Dep't of Just.*, 49 F.3d 115, 116 n.1 (4th Cir. 1995). Although such dicta implies that administrative exhaustion is a jurisdictional requirement, this Court finds that the statement does not sufficiently analyze the question to constitute proper guidance from the Fourth Circuit.

the number ending in 4283. Plaintiff's remaining claims are dismissed without prejudice. A separate Order follows.

Dated: September 4, 2024

                                             /s/
                                  Stephanie A. Gallagher
                                  United States District Judge